**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO:**

VICTORIA LABARBERA, on behalf of herself
and all others similarly situated,

    Plaintiff(s),

    v.

ZIN MANAGEMENT SERVICES, LLC,

    Defendant.
_____/

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Plaintiff, VICTORIA LABARBERA ("Plaintiff") on behalf of herself and others similarly situated, files this Collective Action Complaint and Demand for Jury Trial against Defendant, ZIN MANAGEMENT SERVICES, LLC ("ZIN MANAGEMENT" or "Defendant") for failure to pay federal minimum wages for certain hours worked to all Restaurant Servers (hereinafter "Servers" or "class members") who worked in the United States, pursuant to 29 U.S.C. § 216(b), as follows:

**INTRODUCTION**

1. This action has been filed to cure and correct Defendant's minimum wage violations committed throughout the United States on behalf of all Servers who worked for Defendant within the last three (3) years. Defendant unlawfully deprived Plaintiff, and all others similarly situated, of applicable federal minimum wages during the course of their employment. Defendant has violated the minimum wage requirements under federal law by requiring Servers to purchase uniforms out of their own pocket and then wear these uniforms each day of their employment. Defendant failed to ever reimburse its employees

for the cost of this uniform which drove Plaintiff's and all similarly situated employees' wages below the acceptable rate during their first week of employment with Defendant.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. Plaintiff and the class members are/were restaurant servers who worked for Defendant within the last three (3) years throughout the United States.

4. Plaintiff began working for Defendant as a Server in November 2019 and as of the date of filing is still employed with Defendant.

5. The proposed class members worked for Defendant in the same/identical capacity as Plaintiff in that they were restaurant Servers for Defendant.

6. Plaintiff and the proposed class members were subjected to similar violations of federal law. Plaintiff seeks certification under 29 U.S.C. § 216(b) of the following class for failure to pay federally mandated minimum wages:

> **All Restaurant Servers who worked for Defendant, or received payment of wages from Defendant, throughout the United States during the three (3) years preceding this lawsuit who were required to purchase a uniform prior to beginning their first week of employment with Defendant.**

7. The precise size and identity of each class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of class members could exceed 500 Servers across the United States during the relevant time period.[1]

---

[1] Defendant, ZIN MANAGEMENT, currently operates at least 18 locations throughout the United States with an average of roughly 15 restaurant servers in each location at any given time for a

8. During all times material hereto, Defendant, ZIN MANAGEMENT, was a Nevada limited liability company operating and transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.  On information and belief, Defendant operates at least eighteen (18) separate locations throughout the country.  Defendant operates in Florida as Zinburger Wine & Burger Bar.

9. Defendant, ZIN MANAGEMENT, was Plaintiff's employer during all times pertinent to the allegations herein as it jointly oversaw the payroll and record keeping practices for Zinburger Wine & Burger Bar in Sunrise, Florida, and made payment to employees such as Plaintiff.

10. During all times material hereto, Defendant was vested with the ultimate control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, uniform policies, and pay practices of Zinburger Wine & Burger Bar during the relevant time period.

## JURISDICTION AND VENUE

11.  This action is brought under 29 U.S.C. § 216(b) to recover damages from Defendant and reasonable attorney's fees and costs.

12. All acts and omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

13. Defendant regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper.

---

total of 270 restaurant servers.  On information and belief, given the turnover rate of employees in the restaurant industry, it is entirely reasonable to infer that Defendant has employed at least 25-30 servers annually at each location in each of the past three (3) years prior to the filing of this lawsuit.

3

14. Venue is also proper within Broward County, Florida.

## FLSA COVERAGE

15. Defendant, ZIN MANAGEMENT, is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two (2) employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16. Defendant, ZIN MANAGEMENT's employees handled goods such as napkins, silverware, appliances, food items, restaurant equipment, chairs, tables, vacuum cleaners, and other materials that had previously travelled through commerce.

17. At all material times (during the last five years), Defendant, ZIN MANAGEMENT, had an annual gross revenue in excess of $500,000.00 in 2015, 2016, 2017, 2018, 2019, and is expected to gross in excess of $500,000.00 in 2020.

## GENERAL ALLEGATIONS

18. Defendant, ZIN MANAGEMENT, owns and operates at least eighteen (18) Zinburger Wine & Burger Bar locations throughout the United States, including a location at 1800 Sawgrass Mills Circle #2460 The Colonnade Outlets at Sawgrass Mills, Sunrise, Florida 33323.

19. Defendant employs Plaintiff at its Sunrise, Florida location.

20. Defendant is typically opened seven (7) days a week.

21. Plaintiff and the class members work/worked as restaurant "Servers" for Defendant during the past three (3) years.

## **FIRST WEEK OF EMPLOYMENT**

22. Defendant has created and implemented and regularly enforces a company-wide policy that requires all newly hired Servers to undergo a one (1) week period of restaurant training. During this week of training, newly hired Servers are required to shadow another server and/or manager throughout the restaurant for multiple shifts. During the week of training, Servers are paid the applicable federal and/or state minimum wage for each hour worked and do not receive any tips from customers or any other tip sharing plan.

23. Defendant also follows and strictly enforces a company-wide uniform policy that requires all new Servers to personally purchase a uniform and wear such uniform in the restaurant each and every day of their employment.

24. The required uniform for Servers is comprised of dark blue jeans, a brown leather belt, and black lace-up non-slip shoes.

25. Defendant hired Plaintiff in November 2019 and required Plaintiff to purchase a new uniform before Plaintiff could begin work.

26. Defendant also required Plaintiff to undergo the training period which is required of all newly hired Servers.

27. Prior to Plaintiff starting her first day of employment and training, the Defendant instructed Plaintiff to purchase a uniform which was comprised of dark blue jeans (roughly $30 per pair), a brown leather belt (roughly $30 each), and black lace-up non-slip shoes (roughly $40 per pair). In total, Plaintiff spent *at least* $100 purchasing this required uniform for work.

28. During the week of training Plaintiff was paid $8.46 per hour and did not receive any tips.

29. Defendant **never** reimbursed Plaintiff or any of the similarly situated Servers for the uniform they were instructed and required to purchase before beginning their training.

30. Defendant **never** reimbursed Plaintiff or any of the similarly situated Servers for the uniform they were instructed and required to purchase at any other point during their employment.

31. Plaintiff and all other similarly situated Servers were required to wear their uniform each day of work including the training period. If Plaintiff or any of the similarly situated Servers ever failed to wear this uniform, they would not be permitted to work their shift.[2]

32. Defendant required Plaintiff and all other similarly situated Servers to wear their uniform for the benefit of Defendant in creating and establishing a dining experience for customers in which Servers are uniformly dressed throughout the restaurant.

33. In light of the regular wear and tear on their work uniforms, Plaintiff and other similarly situated individuals are required to periodically replace parts of their uniform throughout their employment in order to keep and maintain a clean and professional appearance and were never reimbursed by Defendant for such costs even though Defendant retained the benefit of this uniform policy.

34. On information and belief, Plaintiff worked about thirty (30) hours during her first week of employment during the training period.

35. During all material times hereto, Plaintiff and all class members were non-exempt employees of Defendant.

---

[2] During Plaintiff's first week of work, the restaurant manager threatened to send Plaintiff home unless she would find a brown leather belt to wear as required by company policy.

36. Plaintiff and the class members worked the training period without being paid the full minimum wage for hours worked as a result of the Defendant's failure to reimburse Servers the cost of their uniform – which drove each of their wages well below the federal minimum wage.

37. The restaurant work performed by Plaintiff and the class members was an integral part of the business for Defendant.

38. Defendant violated the Fair Labor Standards Act ("FLSA") by not paying Plaintiff and the putative class members, at least federal minimum wage for all hours worked during their training period.[3]

39. During their employment Plaintiff or one or more of the class members complained about the illegal practices above and Defendant took no action to stop the illegal practices.

40. The additional persons whom may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and whom suffered from the same pay practices of not being properly paid at least federal minimum wage for each hour worked.

---

[3] Pursuant to 29 C.F.R. § 531.35, wages cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." *Id.* If an employer requires an employee to pay the costs for tools of the trade that are required for performance of work, there is a violation of the FLSA in any workweek when the costs of items purchased by the employee cuts into the minimum wages required to be paid to him under the Act. *Id.; see, also,* Montoya v. CRST Expedited, Inc., 311 F.Supp.3d 411 (D. Mass. 2018) (FLSA requires employers to pay wages free and clear, which means employers are prohibited from charging employees for expenses for the expenses would drive the employee's pay below minimum wage).  Moreover, under 29 C.F.R. § 531.3, an employer may not require its employee to incur costs of purchasing a uniform when the nature of the business requires the employee to wear a uniform. *Id.; see, also,* Reich v. Priba Corp., 890 F.Supp. 586 (N.D. Tex. 1995) (Employer violated the FLSA by requiring servers to provide their own uniforms which reduced the employees' wages below the minimum wage required by the FLSA).

41. Upon information and belief, the records, to the extent any exist, concerning the number of hours and amounts paid to Plaintiff and class members are in the possession and custody of Defendant.

42. Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived.

## CLASS ALLEGATIONS

43. Class members are treated equally and similarly by Defendant, in that they were denied full and proper federal minimum wage for the work they performed during the training period.

44. Class members are treated equally and similarly by Defendant, in that they were denied full and proper federal minimum wage based upon the Defendant's failure to reimburse all Servers the cost of the uniform they were required to purchase and wear in the restaurant every single day of employment.

45. Defendant employed hundreds of employees who were not paid federal minimum wage for the work within the past three (3) years.

46. Plaintiff and the class members were subject to the same policies.

47. Plaintiff and the class members performed the same job duties, as Servers, and were paid in an identical manner by Defendant.

48. Defendant's failure to compensate Plaintiff extends to the other class members during the training period in light of the unlawful uniform policy implemented and enforced by the company without providing any reimbursement to the servers for these expenses.

49. Plaintiff and the class members performed the same job duties, as Servers, and were paid in an identical manner by Defendant based on Defendant's failure to reimburse Plaintiff

and the class members *at least* $100 for the uniform they were required to purchase and wear prior to beginning their first day of employment. Defendant's failure to reimburse Servers appropriately for the uniform drove the Server's applicable wages well below the federal minimum wage during their week of training.

50. Plaintiff and the class members were not paid proper federal minimum wage for the hours worked.

51. Defendant was aware of the requirements of the FLSA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

52. As a result of Defendant's intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

**COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS**
**(DEFENDANT'S FAILURE TO REIMBURSE UNIFORM EXPENSES)**

53. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 52 as though set forth fully herein.

54. Plaintiff and all others similarly situate are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendant.

55. Plaintiff complained to her superiors about Defendant's illegal pay practices, however, Defendant refused and/or failed to compensate Plaintiff and the class members for these violations.

56. Defendant willfully failed to pay Plaintiff and the class members the full minimum wage for one or more weeks of work contrary to the FLSA.

57. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the class members have been damaged in the loss of minimum wages for one or more weeks of work during the employment with Defendant.

58. Defendant's willful and/or intentional violations of entitle Plaintiff and the class members to an additional amount of liquidated, or double, damages.

59. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, VICTORIA LABARBERA, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, ZIN MANAGEMENT, LLC, and award Plaintiff: (a) unliquidated minimum wages to be paid by the Defendant; (b) an equal amount of liquidated damages to be paid by the Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, VICTORIA LABARBERA, requests and demands a trial by jury on all appropriate claims.

**Dated this 10th day of February 2020.**

        Respectfully Submitted,

        **USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on February 10, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**

11